The majority recognizes in its opinion that "this court has stated that when a reason, although suspect, is accompanied by a nonracial reason, the strike of the prospective juror does not violate Batson. Williams v. State, 627 So.2d 985
(Ala.Cr.App. 1991), on rehearing, 627 So.2d 994
(Ala.Cr.App. 1992); Clark v. State, 621 So.2d 309
(Ala.Cr.App. 1992)." 665 So.2d at 980. Although the prosecutor gave some race-neutral reasons for his strikes, the majority concludes that because the prosecutor mentioned that race also was a factor in his decision in making some of those strikes, a per se Batson violation occurred. I believe that when the state or a defendant provides a race-neutral reason for striking a juror in addition to a reason that is not race-neutral, the trial court should, as it did here, disregard the reason that is not race-neutral. If indeed the other reasons are race-neutral, then the strike should be upheld. I cannot say that the trial judge's decision on this matter was clearly erroneous. Ex parte Bankhead, 625 So.2d 1146 (Ala. 1993); Exparte Branch, 526 So.2d 609, 625-26 (Ala. 1987). For this reason, I dissent. *Page 982